BROOKLYN OFFICE
Rec'd 9/10/07

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JENNIFER JOSHUA,

        Petitioner,

  -against-

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

        Respondent.
----------------------------------------------------------x

MEMORANDUM AND ORDER
07-CV-2737 (DGT)

TRAGER, United States District Judge:

    Petitioner Jennifer Joshua, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a final order of the Board of Immigration Appeals ("BIA") finding her subject to removal from the United States. For the reasons discussed below, the petition is dismissed.

## BACKGROUND

    According to the facts alleged in the petition and the attached exhibits, petitioner is a native and citizen of St. Lucia, who became a lawful permanent resident of the United States on August 22, 1980. On November 23, 1999, before petitioner's application for naturalization was approved, petitioner pleaded guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. See USA v. Joshua, 99-CR-348 (DGT). On December 14, 2001, the Immigration and Nationalization Service ("INS"), now the Bureau of Immigration and Customs Enforcement, Department of Homeland Security, initiated removal proceedings against petitioner in the Hartford, Connecticut Immigration Court. On June 20, 2002, United States Immigration Judge Michael Straus denied petitioner's motion to terminate removal proceedings and ordered petitioner removed to St. Lucia. On January 21, 2003, the BIA affirmed the Immigration Judge's

decision.

On February 12, 2003, petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court challenging the BIA's final order of removal. By Order dated July 28, 2003, this Court transferred the petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631 for lack of subject matter jurisdiction. See Joshua v. Ashcroft, 03-CV-738 (DGT), slip op. at 1 (E.D.N.Y. July 28, 2003). The Second Circuit subsequently denied petitioner relief. See Joshua v. Attorney General, Dkt. No. 03-41052 (2d Cir.). On June 28, 2007, petitioner filed the instant petition seeking a "clarification of the period of good moral character required for the adjudication, favorably, of the N-400 application for naturalization."

## DISCUSSION

This Court has no jurisdiction to review such a petition. The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, Title I, 119 Stat. 231, 310-11, amending 8 U.S.C. § 1252, provides that the "sole and exclusive" means for challenging an order of removal is "[a] petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5); see also Marquez-Almanzar v. I.N.S., 418 F.3d 210, 215 (2d Cir. 2005) (finding that 8 U.S.C. § 1252(a)(5) unequivocally eliminates habeas corpus review of orders of removal). Such a petition for review must be filed in the court of appeals for the judicial circuit in which the order of removal was entered within 30 days from the date of the order of removal. 8 U.S.C. §§ 1252(b)(1) & (2).

In this case, although petitioner claims to be seeking "clarification" of the requirements for naturalization, she is in fact challenging her final order of removal. Therefore, petitioner should have brought this petition pursuant to the provisions of 8 U.S.C. § 1252(b)(5) in the Court of Appeals for the Second Circuit, within 30 days of the Board of Immigration Appeals' final

decision on January 21, 2003. Accordingly, there is now no basis for petitioner to file a petition for review with the Court of Appeals, and thus no grounds for this Court to consider whether it may transfer this case "in the interests of justice" pursuant to 28 U.S.C. § 1631. See De Ping Wang v. Department of Homeland Sec., 484 F.3d 615, 618 (2d Cir. 2007) (finding that when a petition for a writ of habeas corpus challenging a removal order under 28 U.S.C. § 2241 is improperly filed in the district court, transfer to the Court of Appeals was impermissible under 28 U.S.C. § 1631 where the petition is untimely and thus could not have been brought in the Court of Appeals at the time it was filed in the district court).

## CONCLUSION

As this Court has no jurisdiction to review petitioner's claims under 28 U.S.C. § 2241, the petition is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

/S/
DAVID G. TRAGER
United States District Judge

Dated: Brooklyn, New York
August 29, 2007

3